UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYDRIAN LOFTON,<br><br>            Plaintiff,<br>    v.<br><br>CHARLES A. WASSERMAN, JR., a married man as his sole and separate property; ORI DELI, a California limited liability company; PARJIT KAUR KHAIRA dba BONFARE MARKETS, INC. aka BONFARE MARKET 9; KHAIRA INTERNATIONAL, INC., a California corporation,<br><br>            Defendants. | Case No.: C 12-06312 PSG<br><br>**ORDER DENYING DEFENDANTS' APPLICATION FOR STAY AND EARLY EVALUATION CONFERENCE PURSUANT TO CIVIL CODE SECTION 55.54**<br><br>**(Re: Docket No. 16, 17, 18)** |

       Plaintiff Sydrian Lofton ("Lofton") has asserted violations of the Americans with Disabilities Act against Defendants Charles A. Wasserman, Jr., Ori Deli, and Parjit Kaur Khaira (collectively, "Defendants"). On March 8, 2013, Defendants filed an application to stay the case and for an early evaluation conference pursuant to California Civil Code section 55.54. Lofton opposes. Having considered the papers, the court DENIES the applications.

       California's Construction-Related Accessibility Standards Compliance Act provides that "a qualified defendant… may file a request for a court stay and early evaluation conference."[1] This statute applies to defendants of a "construction-related accessibility claim," or "any civil claim in a

---

[1] Cal. Civ. Code § 55.54(b)(1).

1

Case No.: C 12-06312 PSG
ORDER

1    civil action with respect to a place of public accommodation."[2]  If such a defendant meets certain

2    additional requirements, he is entitled to a court stay and a mandatory early evaluation conference.[3]

3    An ADA claim qualifies as a "construction-related accessibility claim."[4]

4    There are several reasons why this statute does not apply.  First, the statute may be

5    preempted because it creates "additional procedural hurdles" not present in the ADA.[5]  Second, the

6    statute is a state procedural law.  Generally, federal courts need not adopt state procedural law,

7    even in connection with state law claims.[6]  When, as here, the plaintiff has brought only federal

8    ADA claims,[7] the court sees no reason to adopt California procedural law.  As Lofton points out,

9    the Northern District of California has its own procedure to impose a stay on discovery and to

10   require the parties to engage in early resolution and mediation.

12   **IT IS SO ORDERED.**

13   Dated: 4/18/13

                                                        _____
                                                        PAUL S. GREWAL
                                                        United States Magistrate Judge

---

[2] *O'Campo v. Chico Mall, LP*, 758 F. Supp. 2d 976, 983 (E.D. Cal. 2010) (quoting Cal. Civ. Code § 55.52(a)(1)).

[3] *See id.*

[4] Cal. Civ. Code § 55.52(a)(6).

[5] *O'Campo*, 758 F. Supp. 2d at 983 (quoting *Hubbard v. SoBreck LLC*, 554 F.3d 742 (9th Cir. 2009)).

[6] *See, generally, Erie R. Co. v. Tompkins*, 304 U.S. 64, 92 (1938) ("no one doubts federal power over procedure").

[7] *See* Docket No. 1.

2

Case No.: C 12-06312 PSG
ORDER

**United States District Court**
For the Northern District of California